BERTHA DYKES, Petitioner, v. DISTRICT COURT; A. A. HERRICK, Judge, Respondent.

No. 42023.

JUNE 20, 1933.

Gertrude E. Rush, for petitioner.

Carl A. Burkman, County Attorney, and Albert H. Adams, Assistant County Attorney, for respondent.

MITCHELL, J.—On the 18th day of July, 1932, Bertha Dykes, in an action entitled "State of Iowa, ex rel. Carl S. Missildine, County Attorney, v. Bertha Dykes", was permanently and perpetually enjoined from keeping for sale, selling, having possession of, or otherwise trafficking in, intoxicating liquors, in violation of law. On the 20th day of January, 1933, the county attorney of Polk county filed a citation alleging that the said Bertha Dykes did sell, own and keep for sale, and with the intent to sell the same, have possession of, intoxicating liquors, in violation of said injunction issued against her on the 18th day of July, 1932. The petitioner appeared in answer to the citation before the district court of Polk county, Iowa, and entered her plea of not guilty to the charge. On the 1st day of March, 1933, the cause came on for hearing in the district court of Polk county, before the Honorable A. A. Herrick, judge, and the court, having listened to the evidence and the arguments of counsel, found that on or about the 6th day of January, 1933, the petitioner violated said injunction and is in contempt of court, and the said Bertha Dykes was ordered to stand committed to the Women's Reformatory at Rockwell City, Iowa, for a period not to exceed ninety days.

The record shows that Bertha Dykes was a resident and citizen of Des Moines, Iowa, for a great many years, engaged in keeping roomers. On or about the 17th day of June, 1932, Bertha Dykes, together with two or three other persons, was arrested and charged with unlawful possession of intoxicating liquors. She was tried in the municipal court of the city of Des Moines in June, 1932, and after the evidence was presented to the court, she was found not guilty; but, in spite of this fact, and upon the same evidence, on or about the 19th day of July, 1932, a decree of injunction was entered against her in the district court of Polk county. The petitioner did not appear and defend in the injunction case. She says that she thought that, since she was found not guilty under the same evidence in the municipal court, it was not necessary to defend in the district court. During the summer of 1932, she had a roomer by the name of Allen Crouse. It is the claim of the petitioner, and

undenied in the record that Crouse was one of her roomers; that in cleaning up his room she found some old clothes belonging to Crouse, and, underneath same, a bottle containing a liquid. On the 6th day of January, 1933, the petitioner was serving a church dinner at her home when the officers entered and found a bottle of alcohol under the dirty clothes in the hamper. We are not favored in this case with an argument on behalf of the respondent. There is no evidence that the petitioner made any sales of liquor; that she had any liquor in her possession for the purpose of sale; that she was maintaining a place where liquor could be purchased. There is no showing that she had anything to do with bringing the liquor into the house. The liquor was brought there by one of her roomers. He had hid it under his dirty clothes. It consisted of a single bottle. The evidence fairly shows that the bottle of liquor was the property of a roomer in the home occupied by the petitioner. Certainly, in the face of such a record, the petitioner could not be said to be guilty of the violation of the injunction which was issued against her, and we believe that the lower court erred in finding her guilty.

The writ of certiorari is sustained, and the judgment of the district court reversed.—Writ sustained; judgment reversed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.